UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR 07-100-4 S

OMAR ALTAMIRANO-NUNEZ
a/k/a Juan Carlos Diaz Delgadillo,
a/k/a Burras, and
IDELFONSO BETANCOURT-RODRIGUEZ,
a/k/a Chaco, and
RAFAEL FERNANDEZ-ROQUE,
a/k/a Rafael Hernandez-Roque, and
ADOLFO VERDUGO and
JUAN MANUEL CASILLAS

DEFENDANT'S REBUTTAL MEMORANDUM RESPONDING TO
THE GOVERNMENT'S MEMORANDUM FILE ON
SEPTEMBER 17, 2007

Defendant respectfully submits this Memorandum to rebut arguments and assertions in the Government's Memorandum filed on September 17. The headings below are summaries of the points in the Government's Memorandum

A. The Defendant in this Motion argues for the first time that "a second hearing is prohibited in the charging District of Rhode Island." (Government's Memorandum, page 2.)

The Government misconstrues the Defendant's argument. The Defendant has never argued that there is no jurisdiction to hold another detention hearing in the District of Rhode Island. The Defendant's point is that if the Government is to prevail in seeking detention in the second hearing, it (i) is bound by the earlier decision that the Defendant may safely be released on bail and (ii) must show some change in circumstances from the previous hearing warranting a change in detention status.

The Defendant repeatedly asserted this argument. On Page 7, at the beginning of Defendant's argument, undersigned counsel argued (contrary to the Government) that he had rebutted the presumption of flight arising under the statute at the Los Angeles bail and detention hearing. After more colloquy, the Magistrate Judge specifically said, "Frankly, I don't really care what the court ordered in California. We're here today before me. He's charged with an offense which triggers the presumption. The burden is on him to rebut that presumption…[Y]ou have to argue to me why you think the defendant has rebutted that presumption not whether I should agree or [9] disagree with what the Magistrate Judge did in Los Angeles." (Page 8, bottom third, to page 9, top line.) After the Magistrate Judge had rejected any notion of deference to the ruling of the Magistrate Judge in California and had received both the testimony of Officer Naylor and the Government's proffers, he granted five minutes to counsel "…to argue to me why he believes – to summarize why he believes this client has rebutted the presumption." (Page 47, top quarter.) At the conclusion of argument, the Defendant again asserted, "I'll go back to my argument that the – which the Court has already addressed, that the presumption does not prevail upon the Government here. I think the burden of proof has shifted to the Government. That we've already addressed and the Court's already addressed that." (Page 50, top third) (*Sic.*)

While the language "law of the case" does not appear in the transcript, the arguments advanced respecting the precedential and preclusive effect of the Los Angeles ruling were more than sufficient to alert the Magistrate Judge that the Defendant was asserting the doctrine. Rule of the case precludes relitigation of issues in a single case in the absence of a significant change in the facts or in the law. *United States v. Vigneau,*

337 F. 3d 62 (1st Cir., 2003); *United States v. Rivera-Martinez*, 931 F.2d 148 (1st Cir., 1991).

B. The Defendant has failed to establish the factual predicates for his two central arguments: (1) he has failed to show what was and what was not introduced before the Magistrate Judge in California; and (2) he has failed to show that only Task Force Agent Naylor heard the Defendant's confession. (Government's memorandum, first paragraph on page 4.)

1. The evidence which the Government presented to Magistrate Almond is neither materially different from nor stronger than the evidence presented to the Magistrate Judge in California.

The Magistrate Judge in California had all of the evidence regarding the Defendant's roots in his community, the absence of a criminal record (except for the Texas Highway Patrol incident), and his pacific nature as was presented to Magistrate Almond. The uncertainty --- and what counsel has been endeavoring to learn since September 4 --- was whether the Government presented evidence of the alleged confession in Los Angeles.

The Government's Memorandum in opposition resolves that uncertainty. In footnote 4 on page four, the Government has conceded that the Government presented evidence (or an offer of proof) of the alleged confession to the Magistrate Judge in California. Knowing of that confession, the Magistrate Judge in Los Angeles nonetheless granted this Defendant bail.

Frankly, it is the Defendant's position that it was not incumbent upon him to show all of the evidence presented to the Los Angeles Magistrate Judge. It was incumbent upon the Government to submit evidence "substantially different" from the evidence presented in Los Angeles and to demonstrate that the new evidence was unavailable to

the Government for presentation to the Los Angeles Magistrate. *Rivera-Martinez*, supra. The Government to date has failed to do so.

2. Whether Officer Naylor was the only participant in the interrogation beside the police car is irrelevant, for the point of the argument is that the conversation occurred in English and that the officers made no effort at any point to obtain the services of a Spanish speaking officer.

The Government's point about the number of officers associated with the interrogation at Defendant's arrest is well taken but irrelevant.

The Defendant's Memorandum, prepared before receipt of the transcript on Friday September 14, asserts at the bottom of the fourth full paragraph on page 3 that only Officer Naylor heard the confession in California. Review of the transcript fails to show any direct evidence establishing this assertion. On page 42, upon cross examination, Officer Naylor stated that Officer Machado of the Fall River Police Department and Special Agent Cardello were with him during the interrogation immediately after the arrest. Elsewhere, Officer Naylor identified an Officer Michaud as a surveillance officer, not part of the drug task force, engaged by the Los Angeles County Sheriff to perform surveillance. (Page 44, midpoint, to page 45, midpoint.) Frankly, it is unclear whether Officer "Machado" and Officer "Michaud" are the same person. The number of officers participating in or hearing the questioning beside the police cruiser itself is a minor and almost immaterial part of the argument. The central point is that there was no effort to obtain the services of a Spanish speaking officer to assure the accuracy of Officer Naylor's understanding of the Defendant's responses and comments.

Officer Naylor on cross-examination (starting at the midpoint of page 37) described the arrest in California and the circumstances of the interrogations in or near the Pomona Police Department's cruiser and later at the Pomona jail. The description

continues through the bottom of page 41. The key points are that Officer Naylor (and his companions in the interrogation, if there were companions) made no effort to find or use a Spanish speaking officer during the first interrogation. (Page 40, bottom half.) They made no effort to secure a Spanish speaking officer for the interrogation at the police station. (Page 41, mid point.)

The Defendant respectfully submits that the Government has failed to meet the burden required to hold the Defendant without bail and that the Defendant should be continued on substantially the same bail conditions established by the Magistrate Judge in California.

Dated: September 18, 2007

Respectfully submitted,

/s/ William T. Murphy
William T. Murphy (Reg. No. 1201)
William T. Murphy Law Offices, Inc.
312 Turks Head Building
PO Box 9623
Providence, RI 02940-9623
Tel: 401-459-6700
FAX: 401-751-5931
Email: wtm@wtmurphy.com

Certificate of Service

I certify that on Sept. 18, 2007 I caused the above to be filed electronically and that it is available for viewing and downloading from the ECF system.

Electronic notification:

Mary Rogers
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ William T. Murphy