UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-100S |
| | ) | |
| OMAR ALTAMIRANO-NUNEZ | ) | |
| a/k/a Juan Carlos Diaz Delgadillo, | ) | |
| a/k/a Burras, and | ) | |
| IDELFONSO BETANCOURT- RODRIGUEZ, | ) | |
| a/k/a Chaco, and | ) | |
| RAFEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO and | ) | |
| JUAN MANUAL CASILLAS | ) | |

**THE UNITED STATES' RESPONSE REGARDING STANDARD OF REVIEW FOR DISTRICT COURT REVIEWING MAGISTRATE'S PRETRIAL DETENTION DETERMINATION**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and hereby responds to the Trial Court's inquiry regarding the standard of review.

In reviewing a magistrates pretrial detention determination, the role of the District Court is to consider the matter de novo, but not necessarily to hold a second evidentiary hearing. United States v. Alonso, 832 F.Supp. 503, 504 (D. Puerto Rico 1991); United States v. Tortora, 922 F.2d 880, 884, fn 4 (1990)(We believe that the proper approach is for the district court to engage in *de novo* review of the contested order);18 U.S.C. §3142(f). Whether a District Court will need to hold an evidentiary hearing to review a magistrate's pre trial detention order will depend upon whether the Defendant placed relevant acts at issue, or in other words, whether the Defendant's submissions were adequate to raise a disputed factual issue that was necessary to decide his motion. Id. "The reopening of a detention determination may be requested in order for the

judicial office to consider additional evidence, provided that (1) the evidence was not previously available and (2) the evidence suggested is relevant to the determination the defendant's risk of flight or danger to the community." Alonso, 832 F.Supp at 504, citing United States v. Dillon, 938 F.3d 1412, 1415 (1st Cir. 1991). A rebuttable presumption that the Defendant is a risk of flight and a danger to the community exists in this case because the drug-related charges filed against the Defendant carry a term of imprisonment of ten years or more[1]. "Even though the defendant has the burden of production, the presumption does not disappear simply because evidence is presented on his behalf. The presumption remains a factor to be taken into consideration by the judicial officer, with the Government continuing to have the burden of persuasion." Id. At 505, citing Dillon, 938 F.2d at 1416; United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); United State v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). In order to detain the Defendant the government must establish that the Defendant is a flight risk by a preponderance of the evidence. To establish that the Defendant is a danger to the community the burden clear and convincing. "The statutory presumption assumes a high risk of flight among persons involved in illegal drug activities. Congress found that persons charged with major drug offenses often have the foreign ties and resources necessary to escape with ease to other countries; the imposition of a large bond is often ineffective in deterring flight. Jessup, 757 F.2d at 385 (citing S.Rep. No. 225, 98th Cong., 1st Sess. 20, 23-24 (1983) *reprinted* in 1984 U.S. Code Cong. & Admin. News, pp. 23, 26, 27).

---

[1] And in fact carries a mandatory minimum of 10 years and up to Life imprisonment based upon the quantity of drugs.

Congress therefor concluded that “flight to avoid prosecution is particularly high among persons charged with major offenses.” Id.” Alonso 832 F.Supp. At 505.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 19th day of September, 2007, I caused the Government's Response Regarding Standard of Review of District Court Reviewing Magistrate Court's Pretrial Detention Determination to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

William T. Murphy, Esquire
William T. Murphy Law Offices, Inc.
312 Turks Head Building
PO Box 9623
Providence, RI 02940-9623
Email: wtm@wtmurphy.com

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov