UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-100S |
| | ) | |
| OMAR ALTAMIRANO-NUNEZ | ) | |
| a/k/a Juan Carlos Diaz Delgadillo, | ) | |
| a/k/a Burras, and | ) | |
| IDELFONSO BETANCOURT- RODRIGUEZ, | ) | |
| a/k/a Chaco, and | ) | |
| RAFEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO and | ) | |
| JUAN MANUAL CASILLAS | ) | |

**ORDER**

Defendant Adolfo Verdugo moves to revoke or amend the Order of Detention Pending Trial, issued by a magistrate judge of the United States District Court for the District of Rhode Island pursuant to 18 U.S.C. § 3142(f). On July 25, 2007, Defendant was indicted on charges of Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846. After issuance of a warrant, Defendant was arrested in California and released by a Magistrate Judge in the Central District of California on $250,000 bond pending removal to the District of Rhode Island. On September 4, 2007, Defendant appeared here for arraignment before a Magistrate Judge of this Court, having been authorized by the Magistrate Judge in the arresting jurisdiction to travel to his Detention Hearing without formal government supervision. Taking into consideration all of the evidence, including newly proffered evidence of Defendant's

criminal history, the Magistrate Judge of this Court agreed with the Government's recommendation, and ordered that Defendant be held pending trial on the underlying matter.

At the outset, this Court notes that its role in the review of a Magistrate Judge's pretrial detention determination is de novo. United States v. Alonso, 832 F. Supp. 503, 504 (D.P.R. 1993); see also United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). While this Court must independently review the evidence, a de novo detention hearing is not required, Alonso, 832 F. Supp. at 504, and none has been requested here. In the instant motion, Defendant asserts several grounds in support of revocation or amendment of the Detention Order, the most compelling being an assertion that the Order is affected by the bail decision of the arresting jurisdiction. Defendant argues that the Magistrate Judge in Rhode Island was without authority to revise or revoke the order of the Central District of California in which that court released Defendant on bond pending removal to this District, citing the "Rule of the Case" as authority. This Court notes that the function of such a pre-removal hearing is "to determine whether the arrestee shall be released to bail or summons pending his return to the district where the charge originated." United States v. Gonzalez, 852 F.2d 1214, 1215 n.1 (9th Cir. 1988); United States v. Melendez-Carrion, 790 F.2d 984, 990 (2nd Cir. 1986) ("a removal hearing may precede a detention hearing, leaving the latter

normally to occur in the district of prosecution after removal"). Defendant provides no support for, nor has this Court found any support for the conclusion that the hearing at which Defendant was released on bond pending removal took the place of, obviated the need for, or dictated the outcome of the detention hearing conducted in this jurisdiction pursuant to the Bail Reform Act. See generally United States v. Thomas, 992 F. Supp. 782, 786 (D.V.I. 1998) (magistrate is not bound by findings made in bail hearing conducted in outside jurisdiction, and instead must only "take that decision into account in making his independent assessment of the facts after a full release or detention hearing").

Even assuming that the hearing in the Central District of California was conducted pursuant to Section 3142 of the Bail Reform Act, the Magistrate Judge here was well within his discretion to alter and even revoke the conditions imposed by the magistrate in the arresting jurisdiction, and Defendant's "Rule of the Case" argument is off the mark. United States v. Byrd, 969 F.2d 106, 110 (5th Cir. 1992) ("the provisions of 18 U.S.C. § 3142 do not contemplate finality or *res judicata* on the issue of pre-trial detention"). Rather, by its terms, the Bail Reform Act provides ample opportunity to revisit determinations made under Section 3142 as to release or detention. Pursuant to Section 3142(c)(3), "the judicial officer may at any time amend the order

to impose additional or different conditions of release"; Section 3142(f) allows reopening of the detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing." See also United States v. Ishraiteh, 59 F. Supp. 2d 160, 161 (D. Mass. 1999); United States v. Roland, No. 1:05MJ111, 2005 WL 2318866 at * 8 (E.D. Va. Aug. 31, 2005) (through Section 3142(c)(3), "Congress has granted to the court absolute control over the pretrial behavior of defendants on release pending trial"). Acceptance of Defendant's contention that the initial bail decision of the arresting jurisdiction is binding upon the charging district would fatally emasculate subsections (c)(3) and (f) of Section 3142, and as such cannot be adopted by this Court.

Whether considered under Section 3142(c)(3) or (f)[1], it is clear that the Magistrate Judge here was authorized to revisit or revoke in its entirety the preliminary order of the Central District of California. It is undisputed that a detention hearing in this case was warranted under Section 3142(f)(1). Thereafter,

---

[1] The Government asserts, and the Magistrate Judge here agreed, that the decision of the Central District of California failed to take into consideration certain newly discovered evidence of Defendant's criminal history, lacked the benefit of the Government's proffer and testimony as to the weight of the evidence, and failed to address the presumption, as contained in Section 3142(e), that one charged with a serious drug offense is likely to flee before trial.

the Magistrate Judge applied the necessary factors set forth in Section 3142(g), and, despite the evidence proffered by Defendant, concluded that Defendant had failed to rebut the presumption that "no condition or combination of conditions will assure either the safety of the community or a defendant's future appearance." United States v. Martinez, 102 F. Supp. 2d 39, 41 (D. Mass. 2000); 18 U.S.C. § 3142(e). Having reviewed the facts of the case, the transcript of the proceeding before the Magistrate Judge, and arguments presented by both the Government and Defendant, this Court hereby adopts the Magistrate Judge's factual findings, and, after careful analysis of the legal issues presented, denies Defendant's motion and affirms the Detention Order.

By Order:

Doreen Baldwell

Deputy Clerk

Enter:

WESmith

William E. Smith
U.S. District Judge
Date: September 20, 2007