IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-100S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The United States of America proposes the attached jury instructions in addition to the general instructions. The Government objects to Defendant Adolfo Verdugo's Jury Instruction on Conspiracy on the grounds that there is no requirement in a drug conspiracy that the government prove an overt act. See United States v. O'Campo, 973 F.2d 1015, 1019-20 (1st Cir. 1992)("Apparently concluding that a conspiracy to distribute a controlled substance like cocaine is "so serious that the agreements themselves demonstrate both genuine societal danger and clear intent," P. Marcus, Prosecution and Defense of Criminal Conspiracy Cases, § 2.08[1] at 259 (1991), the Congress has imposed no requirement that an overt act be proved in order to establish a violation of 21 U.S.C. § 846. See, e.g., United States v. Paiva, 892 F.2d 148, 155 (1st Cir.1989); United States v. Williams, 809 F.2d 75, 80 (1st Cir.1986), cert. denied, 481 U.S. 1030, 1072 & 482 U.S. 906, 107 S.Ct. 1959, 2469, 2484, 95 L.Ed.2d 531, 877 & 96 L.Ed.2d 377 (1987); United States v. DeJesus, 520 F.2d 298, 301 (1st Cir.), cert. denied, 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1975).")

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April , 2008, a copy of the within "Government's Proposed Jury Instructions" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

John F. Luis, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

## 1. CONSPIRACY

DEFENDANTS ARE ACCUSED OF CONSPIRING TO POSSESS WITH THE INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE. IT IS AGAINST FEDERAL LAW TO CONSPIRE WITH SOMEONE TO COMMIT THIS CRIME.

FOR YOU TO FIND THE DEFENDANTS GUILTY OF CONSPIRACY, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVEN EACH OF THE FOLLOWING THINGS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE CONSPIRACY CHARGED IN THE INDICTMENT EXISTED BETWEEN AT LEAST TWO PEOPLE TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE, AND

SECOND, THAT THE DEFENDANT WILLFULLY JOINED IN THAT AGREEMENT.

A CONSPIRACY IS AN AGREEMENT, SPOKEN OR UNSPOKEN. THE CONSPIRACY DOES NOT HAVE TO BE A FORMAL AGREEMENT OR PLAN IN WHICH EVERYONE INVOLVED SAT DOWN TOGETHER AND WORKED OUT ALL THE DETAILS. BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THOSE WHO WERE INVOLVED SHARED A GENERAL UNDERSTANDING ABOUT THE CRIME. MERE SIMILARITY OF CONDUCT AMONG VARIOUS PEOPLE, OR THE FACT THAT THEY MAY HAVE ASSOCIATED WITH EACH OTHER OR DISCUSSED COMMON AIMS AND

INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY, BUT YOU MAY CONSIDER SUCH FACTORS.

TO ACT "WILLFULLY" MEANS TO ACT VOLUNTARILY AND INTELLIGENTLY AND WITH THE SPECIFIC INTENT THAT THE UNDERLYING CRIME BE COMMITTED—THAT IS TO SAY, WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW—NOT TO ACT BY IGNORANCE, ACCIDENT OR MISTAKE. THE GOVERNMENT MUST PROVE TWO TYPES OF INTENT BEYOND A REASONABLE DOUBT BEFORE DEFENDANT CAN BE SAID TO HAVE WILLFULLY JOINED THE CONSPIRACY: AN INTENT TO AGREE AND AN INTENT, WHETHER REASONABLE OR NOT, THAT THE UNDERLYING CRIME BE COMMITTED. MERE PRESENCE AT THE SCENE OF A CRIME IS NOT ALONE ENOUGH, BUT YOU MAY CONSIDER IT AMONG OTHER FACTORS. INTENT MAY BE INFERRED FROM THE SURROUNDING CIRCUMSTANCES.

PROOF THAT DEFENDANT WILLFULLY JOINED IN THE AGREEMENT MUST BE BASED UPON EVIDENCE OF HIS OWN WORDS AND/OR ACTIONS. YOU NEED NOT FIND THAT DEFENDANT AGREED SPECIFICALLY TO OR KNEW ABOUT ALL THE DETAILS OF THE CRIME, OR KNEW EVERY OTHER CO-CONSPIRATOR OR THAT HE PARTICIPATED IN EACH ACT OF THE AGREEMENT OR PLAYED A MAJOR ROLE, BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT HE KNEW THE ESSENTIAL FEATURES AND GENERAL AIMS OF THE VENTURE.

EVEN IF DEFENDANT WAS NOT PART OF THE AGREEMENT AT THE VERY START, HE CAN BE FOUND GUILTY OF CONSPIRACY IF THE GOVERNMENT PROVES THAT HE WILLFULLY JOINED THE AGREEMENT LATER. ON THE OTHER HAND, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT SIMPLY HAPPENS TO ACT IN A WAY THAT FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRACY SUCCEEDED OR WAS ACHIEVED. THE CRIME OF CONSPIRACY IS COMPLETE UPON THE AGREEMENT TO COMMIT THE UNDERLYING CRIME.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, §§ 4.18.371 & 4.21.841(a)(1) Comment (2).

IT IS NOT NECESSARY FOR YOU TO BE CONVINCED THAT DEFENDANT ACTUALLY DELIVERED THE CONTROLLED SUBSTANCE TO SOMEONE ELSE, OR THAT HE MADE ANY MONEY OUT OF THE TRANSACTION. IT IS ENOUGH FOR THE GOVERNMENT TO PROVE, BEYOND A REASONABLE DOUBT, THAT HE HAD AGREED TO HAVE IN HIS POSSESSION WHAT HE KNEW WAS COCAINE AND THAT HE INTENDED TO TRANSFER IT OR SOME OF IT TO SOMEONE ELSE.

A PERSON'S INTENT MAY BE INFERRED FROM THE SURROUNDING CIRCUMSTANCES. INTENT TO DISTRIBUTE MAY, FOR EXAMPLE, BE INFERRED FROM A QUANTITY OF DRUGS LARGER THAN THAT NEEDED FOR PERSONAL USE. IN OTHER WORDS, IF YOU FIND THAT DEFENDANT INTENDED TO POSSESS A QUANTITY OF COCAINE – MORE THAN THAT WHICH WOULD BE NEEDED FOR PERSONAL USE – THEN YOU MAY INFER THAT DEFENDANT INTENDED TO POSSESS THE COCAINE WITH THE INTENT TO DISTRIBUTE COCAINE. THE LAW DOES NOT REQUIRE YOU TO DRAW SUCH AN INFERENCE, BUT YOU MAY DRAW IT.

THE TERM "POSSESS" MEANS TO EXERCISE AUTHORITY, DOMINION OR CONTROL OVER SOMETHING.

"POSSESSION" INCLUDES BOTH ACTUAL AND CONSTRUCTIVE POSSESSION. A PERSON WHO HAS DIRECT PHYSICAL CONTROL OF SOMETHING ON OR AROUND HIS OR HER PERSON IS THEN IN ACTUAL POSSESSION OF IT. A PERSON WHO IS NOT IN ACTUAL POSSESSION, BUT WHO HAS BOTH THE POWER AND THE INTENTION TO EXERCISE CONTROL OVER SOMETHING IS IN CONSTRUCTIVE POSSESSION OF IT. WHENEVER I USE THE TERM "POSSESSION" IN THESE INSTRUCTIONS, I MEAN ACTUAL AS WELL AS CONSTRUCTIVE POSSESSION.

"POSSESSION" ALSO INCLUDES BOTH SOLE POSSESSION AND JOINT POSSESSION. IF ONE PERSON ALONE HAS ACTUAL OR CONSTRUCTIVE

POSSESSION, POSSESSION IS SOLE. IF TWO OR MORE PERSONS SHARE ACTUAL OR CONSTRUCTIVE POSSESSION, POSSESSION IS JOINT. WHENEVER I HAVE USED THE WORD "POSSESSION" IN THESE INSTRUCTIONS, I MEAN JOINT AS WELL AS SOLE POSSESSION.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1).

## 2. CONSPIRACY - MINOR PART

A DEFENDANT MAY BE CONVICTED AS A CONSPIRATOR EVEN THOUGH HE MAY HAVE PLAYED ONLY A MINOR PART IN THE CONSPIRACY.

See Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig & Lee, § 31.05.

3. KNOWLEDGE OF THE CONTROLLED SUBSTANCE

THE GOVERNMENT MUST PROVE THAT THE OFFENSE INVOLVED A PARTICULAR TYPE AND QUANTITY OF DRUG, NOT THAT THE DEFENDANT KNEW THAT HE WAS DISTRIBUTING OR POSSESSING WITH THE INTENT TO DISTRIBUTE THE PARTICULAR DRUG TYPE AND QUANTITY CHARGED.

See United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002).

4. AID AND ABET

TO "AID AND ABET" MEANS INTENTIONALLY TO HELP SOMEONE ELSE COMMIT A CRIME. TO ESTABLISH AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, THAT SOMEONE ELSE COMMITTED THE CHARGED CRIME; AND

SECOND, THAT DEFENDANT CONSCIOUSLY SHARED THE OTHER PERSON'S KNOWLEDGE OF THE UNDERLYING CRIMINAL ACT, INTENDED TO HELP HIM, AND WILLFULLY TOOK PART IN THE ENDEAVOR, SEEKING TO MAKE IT SUCCEED.

DEFENDANT NEED NOT PERFORM THE UNDERLYING CRIMINAL ACT, BE PRESENT WHEN IT IS PERFORMED, OR BE AWARE OF THE DETAILS OF ITS EXECUTION TO BE GUILTY OF AIDING AND ABETTING. BUT A GENERAL SUSPICION THAT AN UNLAWFUL ACT MAY OCCUR OR THAT SOMETHING CRIMINAL IS HAPPENING IS NOT ENOUGH. MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE ALSO NOT SUFFICIENT TO ESTABLISH AIDING AND ABETTING.

AN ACT IS DONE "WILLFULLY" IF DONE VOLUNTARILY AND INTENTIONALLY WITH THE INTENT THAT SOMETHING THE LAW FORBIDS BE DONE—THAT IS TO SAY WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.02.

5. WILLFUL BLINDNESS

IN DECIDING WHETHER DEFENDANT ACTED KNOWINGLY, YOU MAY INFER THAT DEFENDANT HAD KNOWLEDGE OF A FACT IF YOU FIND THAT HE DELIBERATELY CLOSED HIS EYES TO A FACT THAT OTHERWISE WOULD HAVE BEEN OBVIOUS TO HIM. IN ORDER TO INFER KNOWLEDGE, YOU MUST FIND THAT TWO THINGS HAVE BEEN ESTABLISHED:

FIRST, THAT DEFENDANT WAS AWARE OF A HIGH PROBABILITY OF THE FACT IN QUESTION. SECOND, THAT DEFENDANT CONSCIOUSLY AND DELIBERATELY AVOIDED LEARNING OF THAT FACT. THAT IS TO SAY, DEFENDANT WILLFULLY MADE HIMSELF BLIND TO THAT FACT.

IT IS ENTIRELY UP TO YOU TO DETERMINE WHETHER HE DELIBERATELY CLOSED HIS EYES TO THE FACT, AND IF SO, WHAT INFERENCE, IF ANY, SHOULD BE DRAWN. HOWEVER, IT IS IMPORTANT TO BEAR IN MIND THAT MERE NEGLIGENCE OR MISTAKE IN FAILING TO LEARN THE FACT IS NOT SUFFICIENT. THERE MUST BE A DELIBERATE EFFORT TO REMAIN IGNORANT OF THE FACT.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.15; United States v. Keene, 341 F.3d 78, 83 (1st Cir. 2003); United States v. Bilis, 170 F.3d 88, 92-93 (1st Cir. 1999).