IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) | |
| vs. | ) | CR07-100-04S |
| ADOLFO VERDUGO<br>Defendant | ) | |

**DEFENDANT ADOLFO VERDUGO'S TRIAL MEMORANDUM**

I. The Indictment and Elements

In a three-count indictment naming five defendants the United States of America charged Mr. Verdugo with one count of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C §§841(a)(1) and (b)(1)(A) and 21 U.S.C. §846.

Mr. Verdugo agrees with the government's definition of the elements of Count One of the indictment as indicated in the government's trial memorandum.

II. Factual Summary

Mr. Verdugo will leave the government to its burden of proving the factual summary contained in section II of the government's trial memorandum.

III. Legal Issues

**General Denial**

Mr. Verdugo will invoke the rules of procedure and evidence as well as the substantive law to present a defense primarily in the nature of a general denial. Accordingly, the overarching legal issue is whether the government can prove each and every element of Count One beyond a reasonable doubt.

**Intercept 801**

One subsidiary issue still pending before the court pertains to intercept 801. The government and Mr. Verdugo have previously submitted memoranda on this issue. The issue, originally thought to be one of translation, now appears to be one of which Spanish words were actually uttered. The government contends that the utterance at issue is "Si, ya, ya Estubo" which translates into English as "Yes, yes it's done." Mr. Verdugo contends that the utterance at issue is "Si, Ya ya todo" which translates into English as "yes, yes everything." "Estubo" versus "todo" ("It's done" versus "Everything") is the issue.

Context is important. It should be noted that the utterance at issue followed the question "todo bien?" which translates into English as "Is everything OK?" Accordingly, contrary to the government's contention that Mr. Verdugo's

position does not make sense because it "leaves out an essential concept in any language," Mr. Verdugo's position does make sense given that conversations often contain sentence fragments. When someone asks another "is everything OK?" it is perfectly sensible, clear and concise to respond with the sentence fragment "Yes, yes everything."

Given that the issue is a factual issue of what Spanish words were uttered, the jury can resolve this issue by determining what words were uttered and ascribing the undisputed respective translation as discussed above. The Court would need to instruct the jury on this point.

**Booking Video**

The Court will recall that at the suppression hearing Mr. Verdugo played the video of the booking of Mr. Verdugo in the Pomona California Police station. Agents Naylor and Cardello appeared on the video with Mr. Verdugo. Mr. Verdugo intends to introduce this video as a full exhibit. After discussing this with the government Mr. Verdugo does not anticipate an objection by the government so long as the government is not limited in its response to such an introduction as allowed by the rules of procedure and evidence.

IV. Requested Voir Dire and Jury Instructions

Mr. Verdugo has previously filed its voir dire questions and will be filing its requested jury instructions shortly after the filing of this document.

V. Witness and Evidence List

Mr. Verdugo reserves the right to testify in his own defense and will make that decision after the government rests. As noted above, Mr. Verdugo intends to introduce the Pomona CA booking video as a full exhibit. Also, Mr. Verdugo intends to introduce shipping records.

VI. Estimated Time of Trial

Undersigned counsel estimate that a trial now scheduled to occur with one co-defendant would take five full days.

Respectfully submitted,
Adolfo Verdugo
By his attorneys,

/s/ Joseph J. Voccola
Joseph J Voccola, Esq. #4132
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983

/s/ John F. Lusi
John F. Lusi, Esq. #4949
128 Dorrance St., Suite 400
Providence RI 02903
Phone (401) 274-6200
Fax (401) 274-6201
jlusi@cox.net

## Certificate of Service

We, the undersigned, hereby certify that on the 2nd day of April, 2008 we caused a true copy of the within memorandum of law to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center, 8th Floor
Providence RI 02903
mary.rogers@usdoj.gov

usariecf@usdoj.gov

/s/ Joseph J. Voccola
Joseph J Voccola, Esq. #4132
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

/s/ John F. Lusi
John F. Lusi, Esq. #4949
128 Dorrance St., Suite 400
Providence RI 02903
Phone (401) 274-6200
Fax (401) 274-6201
jlusi@cox.net