IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>ADOLFO VERDUGO<br>Defendant | CR07-100-04S |

**ADOLFO VERDUGO'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed R. Crim. P. 30, Adolfo Verdugo requests the Court include the following instructions in its charge to the jury.

Instruction No. 1: **Presumption of Innocence** - Mr. Verdugo joins the request of defendant Rafael Fernandez-Roque on this instruction.

Instruction No. 2: **Proof Beyond a Reasonable Doubt** - Mr. Verdugo joins the request of defendant Rafael Fernandez-Roque on this instruction. Since this instruction has previously been approved by the Supreme Court of the United States, Sandoval v. Kentucky, 114 S.Ct. 1239, 1246 (1994) and the First Circuit, United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997), in the event that the Court declines to give this instruction Mr. Verdugo

would request that he, through counsel, be allowed to incorporate this formulation of reasonable doubt into his closing argument to the jury.

Instruction No. 3: **Defendant Does Not Testify** - Mr. Verdugo joins the request of defendant Rafael Fernandez-Roque on this instruction and notes that it would only apply in the event that Mr. Verdugo decides not to exercise his right to testify in his own defense.

Instruction No. 4: - **Law Enforcement Witnesses -** Mr. Verdugo joins the request of defendant Rafael Fernandez-Roque on this instruction.

Instruction No. 5: - **Mere Presence - Conspiracy** - Mr. Verdugo joins the request of defendant Rafael Fernandez-Roque on this instruction.

Instruction No. 6: - **Indictment - Effect -**

An indictment is nothing more than an accusation. It should not be considered as evidence of guilt. It may not even be the basis of an inference of guilt. All that is does is to bring this matter before you for determination. Beyond that, it has no significance, whatever. It merely sets forth the elements of the offenses which the Government must prove beyond a reasonable doubt. See U.S. v. Ricardo Mejia, CR No. 07-005S.

Instruction No. 7: - **Unrecorded Alleged Statements by Defendant**

In the event the government introduces statements allegedly made by Mr. Verdugo, Mr. Verdugo requests the Court instruct the jury as follows:

Testimony regarding unrecorded statements, particularly in circumstances where recording equipment is available must be viewed with caution. See U.S. v. Ricardo Mejia, CR No. 07-005S (language omitted).

Instruction No. 8: - **Proof of All Elements** - Mr. Verdugo requests the Court charge the jury on this as it did in U.S. v. Ricardo Mejia, CR No. 07-005S. (Attached hereto as Exhibit 1).

Mr. Verdugo reserves the right to supplement or amend these requests.

Respectfully submitted,
Adolfo Verdugo,
By his attorneys,

/s/ Joseph J. Voccola

Joseph J Voccola, Esq. #4132
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

/s/ John F. Lusi
John F. Lusi, Esq. #4949
128 Dorrance St., Suite 400
Providence RI 02903
Phone (401) 274-6200
Fax (401) 274-6201
jlusi@cox.net

## Certificate of Service

We, the undersigned, hereby certify that on the 2nd day of April, 2008 we caused a true copy of the within motion to suppress to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center, 8th Floor
Providence RI 02903
mary.rogers@usdoj.gov

usariecf@usdoj.gov

/s/ Joseph J. Voccola
Joseph J Voccola, Esq. #4132
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

/s/ John F. Lusi
John F. Lusi, Esq. #4949
128 Dorrance St., Suite 400
Providence RI 02903
Phone (401) 274-6200
Fax (401) 274-6201
jlusi@cox.net

Exhibit 1

## Proof of All Elements

I will shortly explain the offenses with which the Defendant is charged and the elements the Government must prove in order to establish that the Defendant is guilty of any of those offenses.

In order for the Government to prove the Defendant guilty of an offense, it must convince you, beyond a reasonable doubt, that it has proved each and every element of that offense. Possibilities or even probabilities are not sufficient.

If the Government fails to prove any one or more elements of an offense beyond a reasonable doubt, you must find the Defendant not guilty of that particular offense.

On the other hand, if you are convinced, beyond a reasonable doubt, that all elements of an offense with which the Defendant has been charged have been proved, then you should find the Defendant guilty of that offense.

Bear in mind that the requirement that the Government prove every element of an offense with which a Defendant is charged does not mean that the Government is required to prove every statement contained in the indictment.

What it means is that the Government must prove facts sufficient to prove all of the elements of the offense with which the Defendant is charged as I have explained them.