UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 07-00100-45S |
| | : | |
| ALDOFO VERGUGO | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A VARIANCE FROM THE RECOMMENDED GUIDELINE RANGE**

The Pre-Sentence investigation report for this matter was prepared on July 22, 2008. This report on page 8 indicated an offense level of 34 and a criminal history category of I, resulting in a guideline range of 151 to 188 months. Defendant argues for a downward departure from this range based on the sentencing factors enumerated in 18 U.S.C. §3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S. Ct. 738 (2005) (holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G. § 4A1.3(b)(1).

18 U.S.C §3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) subsection." (emphasis added) The bolded language clearly indicated that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public form further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. §3553 a(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

The defendant's situation with respect to the instant matter reveals the alleged involment of what could be considered that of a middleman. The trial and pre-trial proceedings clearly revealed that the main target of the government's investigation was Idelfonso Betancourt-Rodriguez. The government never applied to tap the telephone of Mr. Verdugo, only the phone of Mr. Betancourt Rodriguez and another co-conspirator.

The unfortunate reality of incarceration for Mr. Verdugo means that his wife, Maria, and their three children Samantha, age 15, Kevin age 8, and Freda, age 6 will suffer without their fathers guidance. As the pre-sentence report correctly noted Mr. Verdugos' reported debts include his mortgages, home equity loan and a car loan. A credit report reviewed by probation reflected installment balances of $4,731.00, real estate balances of $401,745.00 and revolving balances of $50, 075.00. The credit report listed a past due amount of $4,731.00 and a monthly payment of $433.00. Mr. Vergugo's revolving accounts include a credit card balance of $5,848.00 and a home equity loan $43,865.00. Incarceration eliminates the ability to pay these expenses.

Mr. Verdugo comes before this Honorable Court with an unblemished criminal record. A downward departure to that of a minimum mandatory sentence of 120 months would certainly reflect the seriousness of the instant offense and afford adequate deterrence to any prospective criminal conduct.

The defendant further asserts that if this Honorable Court were to depart downward from the recommended guideline range it would not represent a travesty of justice or represent a concern for society at large.

/s/ Joseph J. Voccola
Joseph J. Voccola (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983 (fax)
Haddasha@joevoccolalawoffices.com

/s/ John F. Lusi
John F. Lusi, Esq., (Bar #2323)
Law Offices of John Lusi
128 Dorrance Street Suite 400
Providence, RI 02903
(401) 632-0161
(401) 632-0589

**CERTIFICATION**

I hereby certify that a true copy of the within Motion was electronically filed to the United States District court, Office of the Clerk, www.riduscourts.gov and to maryrodgers@usdoj.gov on this 25th day of July 2008.