IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-100S |
| | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and files the attached Sentencing Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of August, 2008, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

John F. Luis, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-100S |
| | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The Defendant has filed a Sentencing Memorandum, in which he seeks a downward departure or downward variance in sentencing, requesting that the Court impose a sentence "sufficient, but not greater than necessary" pursuant to 18 U.S.C. §3553(a). The request seeks a sentence that is outside the sentencing guideline range provided under the United Sentencing Guidelines (U.S.S.G.). The government submits this memorandum in support of its objection. The Defendant's history provides no legitimate basis for a sentence below the guidelines.

I. FACTS

The government's prosecution version is set forth in full in paragraph 11, pages 2 - 4, of the Pre Sentence report (PSR).

II. ARGUMENT

As this Court is well aware, the Court has wide ranging discretion in sentencing Defendants who appear before the Court. Rita v. United States, 127 S.Ct. 2456 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); United States v. Booker, 543 U.S. 220 (2205). However, the Defendant has failed to set forth any meritorious grounds for leniency. To

the contrary, the Defendant's actions show that he is a candidate for an upward departure, or at a minimum, a sentence at the high end of the guideline range.

A. Defendant's Testimony at Defendant's Motion to Suppress

The Defendant filed pretrial motions to suppress evidence and oral statements. During the hearing conducted before this Court, the Defendant took the stand and testified. The Court, upon rendering a decision from the bench, specifically noted that the Court did not find the Defendant's testimony to be credible. The Defendant's testimony was evasive, belligerent, and untruthful. The Defendant is entitled to testify at a motion to suppress without fear of having his testimony used against him at trial. United States v. Lipscomb, No. 07-1293 (1st Cir. August 21, 2008), page 7, footnote 1. In this case, the Defendant took the stand, and after having been placed under oath, chose to lie. For this reason alone the Defendant is not entitled to any leniency.

B. Defendant's Role In The Conspiracy

The Defendant was in the thick of the conspiracy. While the government did not have a wiretap on the Defendant's telephone[1], they did intercept numerous telephone calls on the co-defendant's telephone which revealed that the Defendant was the supplier of 29 kilograms of cocaine. The telephone calls made it clear that this Defendant was a savy cocaine trafficker, using deception and code in an attempt to evade detection by law enforcement. The Defendant drove a legitimate load of produce to a legitimate business as a "cover" for his illegal narcotics

[1] The Defendant's sentencing memorandum states that the government wiretapped co-defendant Betancourt's telephone. This is incorrect. The government had obtained Court authorization to intercept telephone conversations on two of Juan Carlos, a/k/a Omar Altamirano-Nunez's telephones.

trafficking. The Defendant further chose the meeting place and conveyed this to his co-defendant, the recipient of the cocaine, Juan Carlos, a/k/a Altamirano-Nunez. The Defendant was charged and convicted of conspiracy to distribute and to possess with the intent to distribute 29 kilograms of cocaine. The case law on conspiracy is straightforward in imposing the same criminal liability on a conspirator as if he had engaged in the substantive act. The quantity of cocaine was also a substantial amount by any standards; certainly the guidelines provide a sound basis for determining a sentencing range for this crime. The Defendant already receives the benefit of receiving a Criminal History Category of I, despite the fact that he had been arrested in possession of cocaine in Texas[2]. The guidelines take into account different sentences for first time offenders as opposed to recidivists.

C The Defendant's Financial Situation Is Not A Basis For a Downward Variance.

The Defendant seeks leniency because he has a family and apparently a substantial amount of debt. The Court may take judicial notice of the fact that drug traffickers often place traceable assets in others names or carry substantial mortgages on them. This is done so that in the event of capture, the government will have little or no assets to forfeit. Even if the Defendant had legitimate debt, this is not a basis for leniency, especially given the enormity of the Defendant's crime.

---

[2] According to the Pre Sentence Report, this charge was later dismissed. The government notes this to rebut Defendant's claim in his sentencing memorandum that he had "an unblemished criminal record."

## III. CONCLUSION

For all of the foregoing reasons, a sentence within the guideline range of 151 to 188 months, is a just and reasonable sentence.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of August, 2008, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

John F. Luis, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov